CARMEN DURRANT ELLIS V. STATE OF TEXAS0

 NO. 07-00-0315-CR  

 

IN THE COURT OF APPEALS  

 

FOR THE SEVENTH DISTRICT OF TEXAS  

 

AT AMARILLO  

 

PANEL C  

 

NOVEMBER 30, 2000  

______________________________  

 

CARMEN DURRANT ELLIS,  

 

                 Appellant 

 

v.  

 

THE STATE OF TEXAS,  

 

                Appellee

 

_________________________________ 

FROM THE 179TH DISTRICT COURT OF HARRIS COUNTY;  

 

NO. 816,456; HON. J. MICHAEL WILKINSON, PRESIDING  

 _______________________________  

 

Before QUINN and REAVIS and JOHNSON, JJ.

Carmen Durrant Ellis (appellant) appeals from a judgment under which he was convicted of aggravated robbery.  Prior thereto he had entered an open plea of guilty.  His sole point of error involves the effectiveness of his allegedly retained appellate attorney, Tandra Charles.  The allegations concerning why Charles was ineffective are conclusory and rambling.  Nevertheless, we construe them as involving her purported failure to secure a timely hearing on appellant’s first motion for new trial and to timely amend the original motion to allege new grounds supposedly warranting another trial.   We affirm.

Point of Error

The standard of review applicable to claims of ineffective assistance of counsel is well-known and will not be repeated here.  It is sufficient to merely refer the litigants to 
Thompson v. State
, 9 S.W.3d 808 (Tex. Crim. App. 1999) and 
Beck v. State
, 976 S.W.2d 265 (Tex. App.–Amarillo 1998, pet. ref’d) for an explanation of same.

Failure to Obtain a Hearing

The record illustrates that the trial court pronounced sentence in open court on February 2, 2000.  Appellant then moved for a new trial on March 2, 2000.  Through the motion, appellant contended that his trial counsel had denied him effective assistance because trial counsel failed to present evidence which would have allegedly mitigated his punishment.  A hearing on the motion was set for April 11, 2000, a time well within the period allowed by the rules of appellate procedure.  
See 
Tex. R. App. P
.
 21.8(a) (stating that the trial court must rule on a motion for new trial within 75 days of imposing or suspending sentence in open court).  

On April 11
th
, appellant, via Charles, filed an amended motion for new trial.  Through it, appellant sought to add a claim that his guilty plea was uninformed and involuntary to his prior allegations.  After the amendment was filed, the trial court postponed the April 11
th
 hearing to May 2, 2000, a date more than 75 days after sentence was imposed.  
See 
Tex. R. App. P
.
 21.8 (stating that a motion which is not ruled on within 75 days of sentencing is deemed denied).  We do not know whether the court rescheduled the hearing on the first motion 
sua sponte
, at the insistence of Charles or appellant, or because appellant’s mother (who apparently retained Charles) attempted to discharge Charles as attorney of record on the day of the hearing.
(footnote: 1)
 Nevertheless, we see that Charles moved for new trial and that she presented the motion to the trial court as required by Texas Rule of Appellate Procedure 21.6 because the court set the matter for hearing.  Given the lack of evidence on the reason the hearing was postponed, we are unable to attribute to Charles any wrong emanating from the failure to have a hearing.  And that would have to be a prerequisite to our holding that her conduct was deficient in some way.  Simply put, this particular claim of ineffectiveness is not “firmly founded in the record” as mandated by 
Thompson
.  
Thompson v. State
, 9 S.W.3d at 813.

Failure to Timely Amend Motion and Secure Hearing on Same

Like the foregoing topic, nothing of record illustrates why Charles amended the motion for new trial on April 11
th
 as opposed to earlier.  Without such evidence we are unable to say that she did anything wrong.  For instance, it could be that appellant withheld the information upon which the amended motion was based from her.  Or, it could be that she merely neglected to include it in the first motion.  Yet, either circumstance may be as likely as the other given the dearth of evidence as to the actual motive or reason.  And, it is that dearth of evidence that prevents us from holding Charles’s actions ineffective.  In other words, this particular claim is also not “firmly founded in the record” as mandated by 
Thompson
.

According to 
Thompson
 “[r]arely will a reviewing court be provided the opportunity to make its determination on direct appeal with a record capable of providing a fair evaluation of the merits of” an ineffective assistance claim.  
Thompson v. State
, 9 S.W.3d at 813.  The cause before us falls within that category.  This does not mean that appellant is without recourse for habeas relief that may be available to him.  
Id.
 at 814.  It simply means that we cannot grant such relief.

Accordingly, we overrule appellant’s point of error and affirm the judgment.  

Brian Quinn

   Justice

Do not publish.

 
 

FOOTNOTES
1:
According to a letter attached to Charles’s motion to withdraw, appellant not only acquiesced in the discharge but believed his mother had done so on April 11th.